Keith J. Miller, Esq.
Michael J. Gesualdo, Esq.
Bradley A. Suiters, Esq.
**ROBINSON MILLER LLC**
Ironside Newark
110 Edison Place, Suite 302
Newark, New Jersey 07102
Tel: (973) 690-5400
Fax: (973) 466-2761
Email: kmiller@rwmlegal.com
mgesualdo@rwmlegal.com
bsuiters@rwmlegal.com

*Attorneys for Plaintiffs*
*Aragon Pharmaceuticals, Inc. and Janssen Biotech, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ARAGON PHARMACEUTICALS, INC. and JANSSEN BIOTECH, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>LUPIN LIMITED and LUPIN PHARMACEUTICALS, INC.,<br><br>Defendants. | Civil Action No. ______________________<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**(Filed Electronically)** |

Plaintiffs Aragon Pharmaceuticals, Inc. ("Aragon") and Janssen Biotech, Inc. ("JBI") (collectively, "Plaintiffs"), for their Complaint against Defendants Lupin Limited ("Lupin Ltd.") and Lupin Pharmaceuticals, Inc. ("Lupin Pharm.") (collectively, "Defendants"), hereby allege as follows:

## NATURE OF THE ACTION

1. This is a civil action for infringement of United States Patent Nos. 12,303,493 ("the 493 Patent") and 12,303,497 ("the 497 Patent") (collectively, the "Patents-In-Suit").

2. This action relates to the submission of Abbreviated New Drug Application No. 217084 ("the ANDA") by Defendants to the United States Food and Drug Administration ("FDA") seeking approval to market a proposed generic version of Erleada® 60 mg ("Proposed ANDA Product") prior to the expiration of the Patents-In-Suit.

## THE PARTIES

3. Aragon is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 10990 Wilshire Boulevard, Suite 440, Los Angeles, California 90024.

4. JBI is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, having its principal place of business at 800/850 Ridgeview Drive, Horsham, Pennsylvania 19044.

5. On information and belief, Lupin Ltd. is a corporation organized under the laws of India, having its principal place of business at Kalpataru Inspire, 3rd Floor, Off Western Express Highway, Santacruz (East), Mumbai 400055, Maharashtra, India.

6. On information and belief, Lupin Pharm. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 5801 Pelican Bay Boulevard, Suite 500, Naples, FL 34108.

7. On information and belief, Lupin Pharm. is a wholly-owned subsidiary of Lupin Ltd.

## JURISDICTION AND VENUE

8. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, including § 271(e)(2), and also including an action seeking declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02 for patent infringement arising under 35 U.S.C. § 100 *et seq.*, including § 271(a)-(c).

9. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

11. On information and belief, Defendants cooperate, collaborate, or act in concert for the purposes of manufacturing, selling, marketing, distributing, and importing generic drug products in New Jersey and throughout the United States.

12. On information and belief, Defendants hold themselves out as a unitary entity for purposes of manufacturing, marketing, selling, and distributing generic products in the United States. On information and belief, Defendants' "vertical integration spans from the process development of the active pharmaceutical ingredient (API) to the submission of dossiers for finished dosages." *See* https://www.lupin.com/US/generics-complex-generics, last accessed October 1, 2026. Defendants also have "[i]ntegrated manufacturing." *See id.*

13. On information and belief, Lupin Ltd. has substantial, continuous, and systematic contacts with New Jersey.

14. On information and belief, Lupin Ltd. develops, manufactures, markets, and distributes pharmaceutical products, including generic pharmaceutical products, for sale in the State of New Jersey and throughout the United States.

15. On information and belief, Lupin Ltd., alone or together with Lupin Pharm., has committed, or aided, abetted, actively induced, contributed to, or participated in the commission of an act of patent infringement under 35 U.S.C. § 271(e)(2) that has led or will lead to foreseeable harm and injury to Plaintiffs throughout the United States, including in New Jersey.

16. On information and belief, Lupin Ltd. consented to jurisdiction, did not contest jurisdiction, or asserted counterclaims in New Jersey in one or more prior litigations, for example: *Shionogi Inc. v. Lupin, Ltd. et al.*, No. 26-cv-07831; *Takeda Pharms. U.S.A., Inc. et al. v. Lupin, Ltd. et al.*, No. 25-cv-12574; *Jazz Pharms. Ir. Ltd. v. Lupin Ltd. et al.*, No. 24-cv-08786; *Bausch & Lomb Inc. et al. v. Lupin Ltd. et al.*, No. 23-cv-00790; *Aragon Pharms., Inc. et al. v. Lupin Ltd. et al.*, No. 22-cv-02825.

17. This Court has personal jurisdiction over Lupin Ltd. by virtue of, among other things, (1) its continuous and systematic contacts with New Jersey; (2) its acts of patent infringement that will result in foreseeable harm in New Jersey; (3) its sale of a substantial volume of prescription drugs in New Jersey; and (4) its conduct by and through, and in concert with, Lupin Pharm.

18. This Court has personal jurisdiction over Lupin Ltd. because, *inter alia*, this action arises from actions of Lupin Ltd. directed toward New Jersey. For example, Defendants submitted an amendment to the ANDA seeking approval to commercially manufacture, use, sell,

offer for sale, or import the Proposed ANDA Product prior to the expiration of the Patents-In-Suit. If FDA approval is obtained, the Proposed ANDA Product would be sold in New Jersey, causing injury to Plaintiffs in New Jersey.

19. Exercising personal jurisdiction over Lupin Ltd. in this district would not be unreasonable given Lupin Ltd.'s contacts in this district and the interest in this district of resolving disputes related to products to be sold herein.

20. In the alternative, this Court has personal jurisdiction over Lupin Ltd. because the requirements of Federal Rule of Civil Procedure 4(k)(2)(A) are met: (a) Plaintiffs' claims arise under federal law; (b) Lupin Ltd. would be a foreign defendant not subject to personal jurisdiction in the courts of any State; and (c) Lupin Ltd. has sufficient contacts with the United States as a whole, including, but not limited to, filing Abbreviated New Drug Applications with the FDA and manufacturing and selling generic pharmaceutical products that are distributed throughout the United States, such that this Court's exercise of jurisdiction over Lupin Ltd. satisfies due process, and is consistent with the United States Constitution and Laws.

21. Venue is proper under 28 U.S.C. § 1391(c)(3) because Lupin Ltd. is a foreign corporation.

22. On information and belief, Lupin Pharm. has substantial, continuous, and systematic contacts with New Jersey.

23. On information and belief, Lupin Pharm. develops, manufactures, markets, and distributes pharmaceutical products, including generic pharmaceutical products, for sale in the State of New Jersey and throughout the United States.

24. On information and belief, Lupin Pharm. has substantial, continuous, and systematic contacts with New Jersey, including that it is registered to do business in New Jersey

(Entity Id. Nos. 0101043376 and/or 0100953673) and is registered as a drug manufacturer and/or distributor in New Jersey (Registration Nos. 5006645, 5005159, 5006859). On information and belief, the entity registered with New Jersey Department of Health with the name "LUPIN PHARMACEUTICALS INC" is another name for Lupin Pharm.

25. On information and belief, Lupin Pharm. has a regular and established business at 400 Campus Drive, Somerset, New Jersey 08873 and has registered this address with the New Jersey Department of Health. On information and belief, Lupin Pharm. operates a manufacturing and a research and development facility at this New Jersey location.

26. On information and belief, Lupin Pharm. has a regular and established business at 15 Jensen Drive, Somerset, New Jersey 08875 and has registered this address with the New Jersey Department of Health. On information and belief, Lupin Pharm. operates a distribution facility at this New Jersey location.

27. On information and belief, Lupin Pharm. has a regular and established business at 100 Somerset Corporate Boulevard, Bridgewater, New Jersey 08807. On information and belief, Lupin Pharm. has business development, commercial, marketing, and regulatory affairs teams at this New Jersey location.

28. On information and belief, Lupin Pharm., alone or together with Lupin Ltd., has committed, or aided, abetted, actively induced, contributed to, or participated in the commission of an act of patent infringement under 35 U.S.C. § 271(e)(2) that has led or will lead to foreseeable harm and injury to Plaintiffs throughout the United States, including in New Jersey.

29. On information and belief, Lupin Pharm. consented to jurisdiction, did not contest jurisdiction, or asserted counterclaims in New Jersey in one or more prior litigations, for example: *Braintree Lab'ys, Inc. et al. v. Lupin Ltd. et al.*, No. 23-cv-02853; *Aragon Pharms.,*

*Inc. et al. v. Lupin Ltd. et al.*, No. 22-cv-02825; *Horizon Orphan LLC et al. v. Lupin Ltd. et al.*, No. 20-cv-10339; and *Merck Sharp & Dohme BV et al. v. Lupin Ltd. et al.*, No. 20-cv-02786.

30. This Court has personal jurisdiction over Lupin Pharm. by virtue of, among other things, (1) its continuous and systematic contacts with New Jersey; (2) its acts of patent infringement that will result in foreseeable harm in New Jersey; (3) its sale of a substantial volume of prescription drugs in New Jersey; and (4) its conduct by and through, and in concert with, Lupin Ltd.

31. This Court has personal jurisdiction over Lupin Pharm. because, *inter alia*, this action arises from actions of Lupin Pharm. directed toward New Jersey. For example, Defendants submitted an amendment to the ANDA seeking approval to commercially manufacture, use, sell, offer for sale, or import the Proposed ANDA Product prior to the expiration of the Patents-In-Suit. If FDA approval is obtained, the Proposed ANDA Product would be sold in New Jersey, causing injury to Plaintiffs in New Jersey.

32. Exercising personal jurisdiction over Lupin Pharm. in this district would not be unreasonable given Lupin Pharm.'s contacts in this district and the interest in this district of resolving disputes related to products to be sold herein.

33. On information and belief, Lupin Pharm. has committed an act of infringement in this judicial district by submitting an amendment to the ANDA on or about August 21, 2026, to contain a Paragraph IV Certification for the Patents-In-Suit.

34. On information and belief, Defendants are cooperating, collaborating, or acting in concert with each other with respect to formulating, manufacturing, packaging, marketing, or selling with respect to the Proposed ANDA Product.

35. On information and belief, Lupin Pharm. has committed acts or caused acts to be committed in preparation for and submission of an amendment to the ANDA in this judicial district.

36. On information and belief, Lupin Pharm. will directly benefit if the ANDA is approved by participating in the distribution, offer for sale, or sale of the Proposed ANDA Product.

37. Venue is proper under 28 U.S.C. § 1400(b) because Lupin Pharm. has committed an act of infringement and has a regular and established place of business in this judicial district.

## ERLEADA®

38. JBI holds approved New Drug Application No. 210951 for apalutamide, which is prescribed and sold as Erleada®.

39. On information and belief, Defendants know that JBI holds approved New Drug Application No. 210951.

40. Erleada® is indicated for the treatment of patients with non-metastatic castration-resistant prostate cancer and metastatic castration-sensitive prostate cancer. Erleada® is supplied as 60 mg and 240 mg tablets for oral administration containing the active pharmaceutical ingredient apalutamide.

41. The International Union of Pure and Applied Chemistry (IUPAC) name for apalutamide is 4-[7-(6-Cyano-5-trifluoromethylpyridin-3-yl)-8-oxo-6-thioxo-5,7-diazaspiro[3.4]oct-5-yl]-2-fluoro-N-methylbenzamide.

## THE PATENTS-IN-SUIT

42. On May 20, 2025, the 493 Patent, titled "Anticancer Compositions," was duly and legally issued to Aragon as assignee. A copy of the 493 Patent is attached as Exhibit A.

43. On May 20, 2025, the 497 Patent, titled "Anti-Androgens for the Treatment of Metastatic Castration-Sensitive Prostate Cancer," was duly and legally issued to Aragon as assignee. A copy of the 497 Patent is attached as Exhibit B.

44. Pursuant to 21 U.S.C. § 355(b)(1), the Patents-In-Suit are listed in the FDA publication titled Approved Drug Products with Therapeutic Equivalence Evaluations (also known as the "Orange Book") as covering Erleada®.

45. On information and belief, Defendants know that the Patents-In-Suit are listed in the Orange Book as covering Erleada®.

**DEFENDANTS' NOTICE LETTER AND THE ANDA**

46. By letter dated August 21, 2026, addressed to JBI, Aragon, and Johnson & Johnson, and received by Johnson & Johnson on August 24, 2026 ("Notice Letter"), Defendants notified Plaintiffs that the ANDA had been amended to include a Paragraph IV Certification with respect to the Patents-In-Suit. The Notice Letter stated that the ANDA seeks the FDA approval necessary to engage in activities that constitute or require the commercial manufacture, use, sale, offer for sale in, or importation into the United States, of the Proposed ANDA Product, described in the Notice Letter as "apalutamide tablets, for oral use, 60 mg," prior to the expiration of the Patents-In-Suit.

47. The amended ANDA includes a Paragraph IV Certification that the claims of the Patents-In-Suit are invalid, unenforceable, or not infringed.

48. The Notice Letter included an Offer for Confidential Access ("OCA") to the ANDA. The parties agreed on revised terms for the OCA. On September 23, 2026, Defendants produced documents that Defendants purported were the ANDA.

49. On information and belief, Defendants have actual knowledge of the Patents-In-Suit, at least as shown by the discussion of the Orange Book listing for Erleada® in the Notice Letter.

50. On information and belief, Defendants seek to obtain FDA approval to manufacture, use, import, offer to sell, and sell their Proposed ANDA Product in the United States before the expiration of the Patents-In-Suit.

51. Plaintiffs are commencing this action within 45 days of the date of receipt of the Notice Letter.

**COUNT I – CLAIM FOR INFRINGEMENT OF THE 493 PATENT**

52. Plaintiffs re-allege each of the foregoing paragraphs as if fully set forth herein.

53. An actual controversy exists between the parties as to whether Defendants' proposed sales of the Proposed ANDA Product infringe the claims of the 493 Patent, including at least claims 1, 16, and 18.

54. On information and belief, the Proposed ANDA Product and the use of the Proposed ANDA Product infringe at least claims 1, 16, and 18 of the 493 Patent.

55. On information and belief, the Proposed ANDA Product infringes at least claim 1 of the 493 Patent because it contains a solid dispersion comprising apalutamide, which is a compound having the formula:




, which is also known as ARN-509, and hydroxypropyl methylcellulose acetate succinate, which is known as HPMCAS.

56. On information and belief, the Proposed ANDA Product infringes at least claims 16 and 18 of the 493 Patent because it is a pharmaceutical formulation comprising a pharmaceutically acceptable carrier and a solid dispersion comprising the compound apalutamide and HPMCAS, wherein the formulation comprises 60 mg of apalutamide.

57. On information and belief, if the FDA approves the ANDA, Defendants will sell or offer to sell the Proposed ANDA Product specifically labeled for use in practicing the claims of the 493 Patent, including at least claims 1, 16, and 18, wherein the Proposed ANDA Product is a material part of the claimed invention, wherein Defendants know that physicians will prescribe and patients will use the Proposed ANDA Product in accordance with the instructions or label provided by Defendants in practicing the claims of the 493 Patent, including at least claims 1, 16, and 18, and wherein the Proposed ANDA Product is not a staple article or commodity of commerce suitable for substantial non-infringing use.

58. The Notice Letter purports to include a Notice of Certification for the ANDA under 21 C.F.R. § 314.95(c)(6) as to the 493 Patent.

59. On information and belief, Defendants have actual knowledge of the 493 Patent, at least as shown by the Notice Letter.

60. On information and belief, under 35 U.S.C. § 271(e)(2)(A), Defendants have infringed the claims of the 493 Patent, including at least claims 1, 16, and 18, by submitting or causing to be submitted to the FDA, the ANDA seeking approval to manufacture, use, import, offer to sell, or sell the Proposed ANDA Product before the expiration date of the 493 Patent.

61. On information and belief, the Proposed ANDA Product and its use, if approved and marketed, will infringe at least one claim of the 493 Patent, including at least claims 1, 16, and 18, under at least one of 35 U.S.C. § 271(a), (b), or (c).

62. On information and belief, the manufacture, use, import, offer to sell, or sale of the Proposed ANDA Product will directly infringe the claims of the 493 Patent, including at least claims 1, 16, and 18.

63. On information and belief, physicians and/or patients will directly infringe the claims of the 493 Patent, including at least claims 1, 16, and 18, by the use of the Proposed ANDA Product upon approval.

64. On information and belief, upon approval, Defendants will take active steps to encourage the use of the Proposed ANDA Product by physicians and/or patients with the knowledge and intent that the Proposed ANDA Product will be used by physicians and/or patients, in a manner that infringes the claims of the 493 Patent, including at least claims 1, 16, and 18, for the pecuniary benefit of Defendants.

65. On information and belief, Defendants specifically intend the Proposed ANDA Product to be used in a manner that infringes the claims of the 493 Patent, including at least claims 1, 16, and 18. On information and belief, Defendants will actively induce the infringement of the claims of the 493 Patent including at least claims 1, 16, and 18.

66. On information and belief, the Proposed ANDA Product is specifically designed for use in a manner that infringes the claims of the 493 Patent, including at least claims 1, 16, and 18. On information and belief, Defendants will thus contribute to the infringement of the claims of the 493 Patent, including at least claims 1, 16, and 18.

67. On information and belief, the actions described in this Complaint relating to the ANDA and the 493 Patent were done by and for the benefit of Defendants.

68. Plaintiffs will be irreparably harmed by these infringing activities unless those activities are enjoined by this Court. Plaintiffs do not have an adequate remedy at law.

## COUNT II – CLAIM FOR INFRINGEMENT OF THE 497 PATENT

69. Plaintiffs re-allege each of the foregoing paragraphs as if fully set forth herein.

70. An actual controversy exists between the parties as to whether Defendants' proposed sales of the Proposed ANDA Product infringe the claims of the 497 Patent, including at least claims 1 and 12.

71. On information and belief, the use of the Proposed ANDA Product will infringe at least claims 1 and 12 of the 497 Patent because physicians and/or patients will practice a method for increasing overall survival and progression-free survival in a patient having metastatic castration-sensitive prostate cancer, said method comprising administering apalutamide in a therapeutically effective amount in combination with androgen deprivation therapy to the patient, wherein administration of the apalutamide in combination with androgen deprivation therapy provides an increase in the overall survival rate relative to the overall survival rate of a population of patients with the metastatic castration-sensitive prostate cancer, said population having been administered a placebo in combination with an androgen deprivation therapy, and wherein administration of the apalutamide in combination with androgen deprivation therapy provides an increase in the progression-free survival rate of the patient relative to progression-free survival rate of a population of patients with the metastatic castration-sensitive prostate cancer, said population having been administered a placebo in combination with an androgen deprivation therapy, wherein administration of apalutamide in combination with androgen deprivation therapy provides (i) an increase in overall survival and a 33% reduction in risk of death or (ii) an increase in progression free survival and a 52% reduction in risk of radiographic progression or death.

72. On information and belief, Defendants will induce infringement of at least claims 1 and 12 of the 497 Patent by actively inducing the use of the Proposed ANDA Product to practice a method for increasing overall survival and progression-free survival in a patient having metastatic castration-sensitive prostate cancer, said method comprising administering apalutamide in a therapeutically effective amount in combination with androgen deprivation therapy to the patient, wherein administration of the apalutamide in combination with androgen deprivation therapy provides an increase in the overall survival rate relative to the overall survival rate of a population of patients with the metastatic castration-sensitive prostate cancer, said population having been administered a placebo in combination with an androgen deprivation therapy, and wherein administration of the apalutamide in combination with androgen deprivation therapy provides an increase in the progression-free survival rate of the patient relative to progression-free survival rate of a population of patients with the metastatic castration-sensitive prostate cancer, said population having been administered a placebo in combination with an androgen deprivation therapy, wherein administration of apalutamide in combination with androgen deprivation therapy provides (i) an increase in overall survival and a 33% reduction in risk of death or (ii) an increase in progression free survival and a 52% reduction in risk of radiographic progression or death.

73. On information and belief, if the FDA approves the ANDA, Defendants will sell or offer to sell the Proposed ANDA Product specifically labeled for use in practicing the claims of the 497 Patent, including at least claims 1 and 12, wherein the Proposed ANDA Product is a material part of the claimed invention, wherein Defendants know that physicians will prescribe and patients will use the Proposed ANDA Product in accordance with the instructions or label provided by Defendants in practicing the claims of the 497 Patent, including at least claims 1 and

12, and wherein the Proposed ANDA Product is not a staple article or commodity of commerce suitable for substantial non-infringing use.

74. The Notice Letter purports to include a Notice of Certification for the ANDA under 21 C.F.R. § 314.95(c)(6) as to the 497 Patent.

75. On information and belief, Defendants have actual knowledge of the 497 Patent, at least as shown by the Notice Letter.

76. On information and belief, under 35 U.S.C. § 271(e)(2)(A), Defendants have infringed the claims of the 497 Patent, including at least claims 1 and 12, by submitting or causing to be submitted to the FDA, the ANDA seeking approval to manufacture, use, import, offer to sell, or sell the Proposed ANDA Product before the expiration date of the 497 Patent.

77. On information and belief, the use of the Proposed ANDA Product, if approved and marketed, will infringe, either literally or under the doctrine of equivalents, at least one claim of the 497 Patent, including at least claims 1 and 12, under at least one of 35 U.S.C. § 271(a), (b), or (c).

78. On information and belief, physicians and/or patients will directly infringe the claims of the 497 Patent, including at least claims 1 and 12, by the use of the Proposed ANDA Product upon approval.

79. On information and belief, upon approval, Defendants will take active steps to encourage the use of the Proposed ANDA Product by physicians and/or patients with the knowledge and intent that the Proposed ANDA Product will be used by physicians and/or patients, in a manner that infringes the claims of the 497 Patent, including at least claims 1 and 12, for the pecuniary benefit of Defendants.

80. On information and belief, Defendants specifically intend the Proposed ANDA Product to be used in a manner that infringes the claims of the 497 Patent, including at least claims 1 and 12. On information and belief, Defendants will actively induce the infringement of the claims of the 497 Patent, including at least claims 1 and 12.

81. On information and belief, the Proposed ANDA Product is specifically designed for use in a manner that infringes the claims of the 497 Patent, including at least claims 1 and 12. On information and belief, Defendants will thus contribute to the infringement of the claims of the 497 Patent, including at least claims 1 and 12.

82. On information and belief, the actions described in this Complaint relating to the ANDA and the 497 Patent were done by and for the benefit of Defendants.

83. Plaintiffs will be irreparably harmed by these infringing activities unless those activities are enjoined by this Court. Plaintiffs do not have an adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendants on the patent infringement claims set forth above and respectfully request that this Court:

A. Enter judgment under 35 U.S.C. § 271(e)(2)(A) that Defendants have infringed one or more claims of each of the Patents-In-Suit through the submission of the ANDA to the FDA to obtain approval to manufacture, use, import, offer to sell, and sell the Proposed ANDA Product in the United States before the expiration of the Patents-In-Suit;

B. Enter a declaratory judgment that pursuant to 35 U.S.C. § 271(a), (b), and/or (c), the commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States of the Proposed ANDA Product, prior to the expiration of the Patents-In-

Suit, would constitute infringement of one or more claims of each of the Patents-In-Suit under 35 U.S.C. § 271 (a), (b), and/or (c);

C. Order that pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of the ANDA be a date that is not earlier than the expiration of the Patents-In-Suit, or such later date as the Court may determine;

D. Order that Defendants, their officers, agents, servants, and employees, and those persons in active concert or participation with Defendants, are preliminarily and permanently enjoined from commercially manufacturing, using, importing, offering for sale, and selling the Proposed ANDA Product, and any other product that infringes or induces or contributes to the infringement of the Patents-In-Suit, prior to the expiration of the Patents-In-Suit, or such later date as the Court may determine;

E. If Defendants engage in the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of the Proposed ANDA Product prior to the expiration of the Patents-In-Suit, a judgment awarding damages to Plaintiffs resulting from such infringement together with interest;

F. Declare this to be an exceptional case under 35 U.S.C. §§ 285 and 271(e)(4) and award Plaintiffs their costs, expenses, and disbursements in this action, including reasonable attorney fees; and

G. Award such further and other relief as this Court deems proper and just.

Dated: October 1, 2026

Respectfully Submitted,

*s/ Keith J. Miller*

Keith J. Miller, Esq.
Michael J. Gesualdo, Esq.
Bradley A. Suiters, Esq.

*Of Counsel*

Steven D. Maslowski
Matthew A. Pearson
Jonathan J. Underwood

Anthony D. Sierra
Vincent P. Jones
Chih Yang Lin
**AKIN GUMP STRAUSS HAUER & FELD LLP**
1735 Market Street, 12th Floor
Philadelphia, PA 19103
Tel: (215) 965-1200
Fax: (215) 965-1210
smaslowski@akingump.com
mpearson@akingump.com
underwoodj@akingump.com
asierra@akingump.com
jonesv@akingump.com
mlin@akingump.com

Caitlin E. Olwell
**AKIN GUMP STRAUSS HAUER & FELD LLP**
Bank of America Tower
1 Bryant Park
New York, NY 10036
Tel: (212) 872-1000
Fax: (212) 872-1002
colwell@akingump.com

Golda Lai
**AKIN GUMP STRAUSS HAUER & FELD LLP**
Robert S. Strauss Tower
2001 K Street, N.W.
Washington, D.C. 20006
Tel: (202) 887-4000
Fax: (202) 887-4288
laig@akingump.com

**ROBINSON MILLER LLC**
Ironside Newark
110 Edison Place, Suite 302
Newark, New Jersey 07102
Tel: (973) 690-5400
Fax: (973) 466-2761
Email: kmiller@rwmlegal.com
mgesualdo@rwmlegal.com
bsuiters@rwmlegal.com

*Attorneys for Plaintiffs Aragon Pharmaceuticals, Inc. and Janssen Biotech, Inc.*

**CERTIFICATE PURSUANT TO RULES 11.2 AND 40.1**

I hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any other pending or anticipated litigation in any court or arbitration proceeding, except that Aragon and JBI have asserted the patents in this case in the pending matter in this Judicial District: *Aragon Pharms., Inc. et al. v. MSN Pharms. Inc. et al.*, Civil Action No. 2:26-cv-07798. Further, there are not any non-parties known to Plaintiffs that should be joined to this action. In addition, I recognize a continuing obligation during the course of this litigation to file and to serve on all other parties and with the Court an amended certification if there is a change in the facts stated in this original certification.

Dated: October 1, 2026

Respectfully Submitted,

*s/ Keith J. Miller*

Keith J. Miller, Esq.
**ROBINSON MILLER LLC**
Ironside Newark
110 Edison Place, Suite 302
Newark, New Jersey 07102
Tel: (973) 690-5400
Fax: (973) 466-2761
Email: kmiller@rwmlegal.com

*Attorneys for Plaintiffs Aragon Pharmaceuticals, Inc. and Janssen Biotech, Inc.*